```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
ROBERT DICOB AND CHERYL DICOB,

                                  Plaintiffs,

                                                                             7:07-CV-1044
                                  v.                                                (TJM)(GHL)

MARK K. KNUCKLES, *et al.*,

                                  Defendants.

APPEARANCES:

ROBERT DICOB
CHERYL DICOB
Plaintiffs, *pro se*

THOMAS J. McAVOY, SENIOR DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

      The Clerk of the Court has sent a complaint filed by Robert Dicob and Cheryl Dicob to this Court for review.   Plaintiffs have paid the filing fee for this action.

      By their *pro se* complaint, plaintiffs allege that the defendants violated multiple federal statutes in the course of foreclosing on plaintiffs' real property and participated in a scheme to defraud plaintiffs.  Dkt. No. 1.  According to the complaint, a judgment of foreclosure was rendered in May, 2003, and a sale of the property was scheduled for November, 2005.  *Id*. at ¶¶ 18, 91.  Plaintiffs assert claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*., the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*. *Id*. at 1.  In addition to damages, plaintiffs seek an order quieting title to the property.  *Id*. at 17-18.  For a complete statement of plaintiffs' claims, reference is made to the complaint.

This is the third action commenced by plaintiff Cheryl Dicob in the Northern District asserting claims related to her mortgage debt and the state court foreclosure proceedings.  The first action, *Dicob v. JP Morgan Chase Bank, et al.*, 7:05-CV-0407 (TJM/GHL) ("*Dicob* I") was filed April 4, 2005.  By Order of this Court, plaintiff was directed to file an amended complaint setting forth a short and concise statement of her claims.  *Dicob* I, Dkt. No. 3.  Plaintiff did not make the required filing and this action was therefore dismissed on July 1, 2005.  *Dicob* I, Dkt. No. 4.

Shortly thereafter, Ms. Dicob commenced a new action asserting nearly identical claims against several of the defendants named in *Dicob* I.  *Dicob v. JP Morgan Chase Bank*, 7:05-CV-0871 (TJM/GHL) ("*Dicob* II").  Robert J. Dicob was added as a plaintiff and the RICO statement required by Rule 9.2 of the Local Rules of Practice of the Northern District was submitted.  *Dicob* II, Dkt. Nos. 5, 7.  In November, 2005, plaintiff moved for a temporary restraining order enjoining the defendants from proceeding with a proposed public auction of plaintiffs' home.  *Dicob* II, Dkt. No. 8.  By Order filed November 10, 2005, the motion was denied.  *Dicob* II, Dkt. No. 9.  In so ruling, this Court stated that "[a] cursory review of Plaintiffs' Complaint suggests that they are unlikely to succeed on any claims that would have an impact on the sale of their home." *Id*. at 2.  The Court directed plaintiffs to submit proof that service of process had been effected on the defendants if they wished to proceed with the action.  *Id*. at 3.  Upon plaintiffs' failure to comply with that direction, judgment was entered on January 4, 2006 dismissing the action.  *Dicob* II, Dkt. No. 15.

The complaint filed by plaintiffs in this action is nearly identical to the pleadings in the earlier actions.[1]  As in *Dicob* I and *Dicob* II, plaintiffs assert claims arising under RICO and are therefore required to file the statement required by Local Rule 9.2. Although more than thirty days have elapsed since this action was commenced, plaintiffs have not submitted the RICO statement.  In light of their *pro se* status, plaintiffs are hereby afforded an additional **twenty (20) days** from the filing date of this Order in which to comply.  Plaintiffs are advised that the statement must fully comply with Local Rule 9.2 and General Order 14.[2]

Plaintiffs are further directed to effect service of process of the summons and complaint on the defendants in accordance with the Federal Rules of Civil Procedure. Federal Rule 4(m) provides, *inter alia*, that upon notice to plaintiffs, an action may be dismissed without prejudice if service is not effected within 120 days after the filing of the complaint.

WHEREFORE, based upon the foregoing, it is hereby

ORDERED, that plaintiffs file the required RICO statement **within twenty (20) days** of the filing date of this Order, and it is further

ORDERED, that if plaintiffs fail to timely file the RICO statement, the Clerk enter judgment dismissing this action without further order of this Court, and it is further

---

[1] While plaintiffs allege that their property was scheduled for sale on November 13, 2005 (see Dkt. No. 1 at 14), the Court is not able to discern from the complaint the current status of that property.

[2] General Order 14 sets forth the form for the RICO statement.  According to the docket, a copy of General Order 14 was mailed to plaintiffs on October 3, 2007.

3

ORDERED, that plaintiffs effect service of process of the summons and complaint on the defendants in accordance with the Federal Rules of Civil Procedure, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on the plaintiffs.

IT IS SO ORDERED.

Dated: November 7, 2007

Thomas J. McAvoy
Senior, U.S. District Judge