UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT DICOB and CHERYL DICOB,

                              Plaintiffs,

        v.                                        7:07-cv-1044

MARK R. KNUCKLES, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiffs commenced the instant action against Defendants asserting the following

causes of action: (1) to quiet title to certain real property; (2) slander of title; (4) violation of

the Real Estate Settlement Procedures Act; (5) a declaratory judgment to the effect that

Defendants did not lend money to Plaintiffs, Plaintiffs have no legal relationship with

Defendants, and the judgment of foreclosure and sale entered in the Lewis County Supreme

Court is void; (6) violation of the Fair Debt Collection Practices Act; (7) a violation of RICO;

(8) breach of fiduciary duty; (9) an accounting; (10) concealment; (11) to set aside the

foreclosure; (12) nuisance; and (13) usury.  Presently before the Court is Defendants' motion

to dismiss on the grounds that: (1) the court lacks subject matter jurisdiction pursuant to the

Rooker-Feldman doctrine; (2) Plaintiffs' claims are barred by res judicata; and (3) the claims

are barred by the applicable statute of limitations; and Plaintiff's cross-motion to strike

Defendants' motion.

The Complaint in the instant case is very similar to, and raises identical claims to, a complaint Plaintiffs previously filed against various other defendants in case number 05-cv-871. Indeed, the underlying issues are the same - Plaintiffs seek to avoid the consequences of a judgment of foreclosure entered against them in a New York State court. As this Court held in the prior case:

> Plaintiffs . . . bring a claim to quiet title and seek a judgment declaring that, among other things, Defendants "did not lend any money", "have no ownership interest in the" property, and "have no secured interest in Plaintiff's property." Amended Compl. at ¶¶ 29-33, 43-51. This Court cannot entertain those claims because of the judgment of foreclosure entered against Plaintiffs in state court. The Rooker-Feldman doctrine precludes federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ----, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005); see Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87-88 (2d Cir. 2005). Through their action to quiet title and the requested declaratory relief, Plaintiffs are complaining of an injury (the impending public auction of their home) caused by a state court judgment (the judgment of foreclosure) that was rendered in 2003, long before the proceedings in this Court. Because the state court judgment of foreclosure caused Defendants' proposed actions that Plaintiffs seek to enjoin (the upcoming public auction of the property), the Rooker-Feldman doctrine applies here. Hoblock, 422 F.3d at 88. Accordingly, the Court does not have jurisdiction over those claims regarding the property.

The same reasoning applies here and Plaintiffs claims relating to title to the property and the foreclosure are barred by the Rooker-Feldman doctrine.[1]

---

[1] Raising these same claims a second time (albeit against different defendants) strongly suggests that Plaintiffs' claims are frivolous and in violation of Fed. R. Civ. P. 11. **Plaintiffs are hereby cautioned that, even though they are proceeding pro se, if they continue to litigate (or institute) claims that are not reasonably supported by the facts and/or not supportable by existing law, they may be subject to sanctions. Fed. R. Civ. P. 11. Such sanctions may include, but not be limited to, the requirement that they pay Defendants' attorneys fees.**

The remaining federal claims are barred by the applicable statute of limitations or otherwise fail to state a claim upon which relief can be granted. The sole basis of Plaintiffs' Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., claim is that they "timely sent a qualified written request to Defendant requesting information on the status of the alleged default and the reasons for the rejection of payments. Defendant failed to respond. . . ." Am. Compl. at ¶¶ 53-54. None of the allegations in the Complaint give rise to a violation of RESPA, which was enacted "to address certain abusive practices that have developed in relation to the disclosure of information regarding the nature and costs of the [real estate] settlement process." Flagg v. Yonkers Sav. and Loan Ass'n, FA, 396 F.3d 178, 184 (2d Cir. 2005) (citing 12 U.S.C. § 2601) (internal quotations omitted).

Even if Plaintiffs could assert a viable claim under RESPA, they would be time-barred. The Complaint does not assert any facts that would give rise to a claim under § 2608 and that transpired within the applicable three-year statute of limitations. 12 U.S.C. § 2614. Claims brought under §§ 2605 or 2607 are subject to a 1 year statute of limitations. Plaintiff's loan closed in February 2001 (see Am. Compl. at ¶ 23), long before the commencement of this action. Accordingly, these claims also are time-barred.

Claims brought under the Fair Debt Collection Practices Act are subject to a one year statute of limitations. 15 U.S.C. § 1692k(d). All activity relating to the loan occurred on or before the state foreclosure action was commenced in November 2001. Because that occurred more than one year prior to the commencement of the instant action, the claims under the FDCPA are time-barred.

Lastly, RICO claims are subject to a four year statute of limitations. In re Merrill Lynch Ltf, Partnerships Litigation, 154 F.3d 56, 58 (2d Cir. 1998). The limitations period

beings to run when the plaintiff discovers or should have discovered the RICO injury.  The

claimed RICO injury is the "unlawful taking of homeowners' money and houses." All the

RICO-based claims arise out of the conduct leading up to the foreclosure action that was

commenced in November 2001 and concluded by the entry of judgment on October 14,

2004.  Plaintiffs should have been aware of the alleged RICO injury at the time the

foreclosure action was commenced, more than four years prior to the commencement of this

action.  The RICO claims are, therefore, untimely.

The Court declines to exercise supplemental jurisdiction over any remaining state

law claims.  **The Court again cautions Plaintiffs that, even though they are proceeding**

**pro se, if they continue to litigate (or institute) claims that are not reasonably**

**supported by the facts and/or not supportable by existing law, they may be subject to**

**sanctions.  Fed. R. Civ. P. 11.  Such sanctions may include, but not be limited to, the**

**requirement that they pay Defendants' attorneys fees.**

Plaintiff's cross-motion to strike Defendants' motion is denied as lacking in merit or

a sufficient legal basis.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, Plaintiffs'

cross-motion is DENIED, and the Complaint in this matter is DISMISSED.

IT IS SO ORDERED.

Dated:February 4, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

- 4 -